UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD S. ADAMS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEPARTMENT OF TREASURY, et al. )<br>)<br>Defendants. )<br>) | Civil Case No. 13-1967 (RJL)<br><br>**FILED**<br>JAN 1 3 2014<br>Clerk, U.S. District & Bankruptcy<br>Courts for the District of Columbia |

**MEMORANDUM OPINION**

Ronald S. Adams, proceeding *pro se*, brings a "Complaint/Request for Declaratory Judgment; Alternatively, Application for Writ of Mandamus" against the U.S. Treasury Department and Internal Revenue Service, alleging that they have failed both to maintain and to provide him with copies of various records in violation of the Federal Records Act, the Freedom of Information Act, the Privacy Act, and common law. *See* Compl. at 1, 38–40 [Dkt. #1]. His complaint is 40 pages long and contains 97 lettered or numbered paragraphs (many of which contain additional sub-paragraphs and long bulleted lists of quotations, citations, and other extraneous material), not to mention 65 footnotes. *See generally id.* The complaint is also accompanied by more than 30 exhibits totaling 153 pages in length. *See* Exs. 1–30 [Dkt. #1-2].

Although it is true that *pro se* litigants' complaints are held to "less stringent standards" than those filed by trained attorneys, *Haines v. Kerner*, 404 U.S. 519, 520

(1972), they still must comply with the Federal Rules of Civil Procedure, including the requirements that they "include 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and that '[e]ach averment of a pleading be simple, concise, and direct,'" *Karim-Panahi v. U.S. Congress*, 105 F. App'x 270, 273 (D.C. Cir. 2004) (quoting FED. R. CIV. P. 8(a)(2), (d)(1)). These rules are intended "to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). They also "serve[] to sharpen the issues to be litigated and to confine discovery and the presentation of evidence at trial within reasonable bounds." *Id.* A complaint that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material does not meet the Rule's pleading requirements, even when they are liberally construed in a *pro se* litigant's favor. *Id.* at 499 (collecting cases).

Plaintiff's complaint gets off to an inauspicious start, opening with an introduction that foreshadows the Rule 8 problems to follow:

> COMES NOW Private Citizen Ronald S. Adams, Plaintiff Citizen In Party, in his own right, Judiciary Act of 1789 § 35, <u>Faretta v. California</u>, 422 US 809, and with Assistance of Counsel, Id., AMENDMENT VI, UNITED STATES CONSTITUTION, and the INTERNATIONAL COVENANT ON CIVIL AND POLITICAL RIGHTS, implemented by EXECUTIVE ORDER 13107 on December 10, 1998, <u>63 Federal Register 240, pp 68991-68993</u> and for his cause(s) of action, avers: . . . .

Compl. at 1. In telling the Court who he is and that he is represented by counsel (the latter of which isn't even true), plaintiff somehow manages to cite a statute, a case, the Constitution, a multilateral treaty, an Executive Order, and the Federal Register. The rest

2

of the complaint is just as convoluted. Plaintiff alleges vague "administrative" and "collateral breaches," supported by a meandering, blow-by-blow walkthrough of his correspondence with government employees, as well as a positively overwhelming number of citations to, and quotations from, all sorts of legal authorities. Indeed, "it is difficult to decipher a coherent, viable cause of action" anywhere in the complaint as it is currently drafted. *T.M. v. District of Columbia*, --- F. Supp. 2d ----, 2013 WL 4455291 (D.D.C. Aug. 19, 2013). Such "[u]necessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Ciralsky v. C.I.A.*, 355 F.3d 661, 669 (D.C. Cir. 2004) (internal quotation marks omitted). This is precisely the burden that Rule 8 is intended to alleviate.

Because the complaint fails to comply with Rule 8, it will be dismissed without prejudice. *See, e.g., Hamrick v. United States*, Civ. No. 10-857, 2010 WL 3324721, at *1 (D.D.C. Aug. 24, 2010) ("[C]ourts may dismiss an action *sua sponte* under Rule 8(a)(2) where the complaint sets forth a meandering, disorganized, prolix narrative or is so verbose, confused and redundant that its true substance, if any, is well disguised." (internal quotation marks omitted)). An appropriate order shall accompany this Memorandum Opinion.

1/8/14

RICHARD J. LEON
United States District Judge

3